## Hartman's Estate

*Sidney E. Smith,* for exceptant; *Walter T. Fahy,* contra.

LAMORELLE, P. J., December 22, 1934.—To interpret the will other than as does the learned auditing judge would result in an intestacy as to income, when and if the youngest of the grandchildren reached the age of 21 years, and such interpretation is always, where possible, to be avoided.

The accounting is had because one of the grandchildren has attained majority, and the exceptions go to the ruling of the learned auditing judge that this child now receives a share of accumulated income and continues to receive a pro rata share of all income, at least for the term of his life.

The purpose of the will is apparent; it was the desire of testatrix to benefit these grandchildren, and them only, for she excluded their mother from any participation whatever, and the income was not to be liable for the debts of any of the beneficiaries, without the power of alienation, and not subject to anticipation of any kind whatsoever. By necessary implication, therefore, income was payable to all the grandchildren during the duration of the trust, but none was to be paid them in minority, which latter income was to accumulate for their benefit, and distribution was conditioned on reaching majority.

All exceptions are dismissed, and the adjudication is confirmed absolutely.